Anthony J. Cerrato, J.
Plaintiffs herein seek an order of this court restraining and enjoining the defendant from enforc *344 ing and attempting to enforce the provision of Local Law No. 4 of 1970 (prescribing, the regulations of cabarets, dance halls, bars or lounges and discotheques). In addition, plaintiffs seek an order preventing, restraining and enjoining the defendant from preventing plaintiffs from engaging professional topless dancers to perform and entertain its patrons.
Plaintiff maintains and operates a restaurant, discotheque and liquor bar. In conjunction with his business, plaintiff engages live bands for the dancing entertainment of its patrons and in addition, prior to the enactment of Local Law No. 4, plaintiff had engaged topless dancers to perform for the entertainment of its patrons. Section 3.0 of Local Law No. 4 of 1970 provides: “It shall be unlawful, for any person conducting, maintaining or operating a cabaret, bar and/or lounge, dance hall or discotheque establishment, or any other place of public assembly within the Village of Greenwood Lake to suffer or permit any waitress, barmaid, entertainer or other person who comes in contact with, or appears before, or is likely to come in contact with or appear before patrons of the establishment, or for any person to appear in the presence of such patrons with breasts uncovered in such a manner that the portion of the breast below the top of the aureola is not covered with a fully opaque covering, or the lower part of the torso uncovered or so thinly covered or draped as to appear uncovered, or to appear or suffer or permit any person to appear in any scene, sketch, act or entertainment with breasts or the lower part of the torso uncovered, or so thinly draped as to appear uncovered.”
Plaintiff alleges that Local Law No. 4 is unconstitutional, that it violates the constitutional guarantees of freedom of speech and deprives plaintiffs of equal protection of the law and further, that the aforesaid local law is void due to its vague and indefinite terms and further that it is not a proper exercise of the police powers of the defendant.
Section 245.01 of the Penal Law provides: “ A female is guilty of exposure when, in a public place she appears clothed or costumed in such a manner that the portion of her breast below the top of the areola is not covered with a fully opaque covering This subdivision shall not apply to any female entertaining or performing in a play, exhibition, show or entertainment * * *.
‘‘ Nothing’ in this section shall prevent the adoption by city, town or village of a local law prohibiting the exposure of a female as herein defined in a public place, at any time, whether or not such female is entertaining or performing in a play, exhibition, show or entertainment. ’ ’
*345 Section 245.02 of the Penal Law provides: ‘ ‘ A person is guilty of promoting the exposure of a female when he knowingly conducts, maintains, owns, manages, operates or furnishes any public premises or place where a female appears clothed or costumed in such a manner that the portion of her breast below the top of the areola is not covered with a fully opaque covering. This subdivision shall not apply where such female is entertaining or performing in a play, exhibition, show or entertainment.
“Nothing in this section shall prevent the adoption by a city, town or village of a local law prohibiting the exposure of a female substantially as herein defined in a public place, at any time, whether or not such female is entertaining or performing in a play, exhibition, show or entertainment.”
Both of the aforesaid sections of the Penal Law sought to proscribe the appearance of a female in a public place ‘1 clothed or costumed in such a manner that the portion of her breast below the top of the areola was not covered with fully opaque covering.” As originally enacted however, both sections concluded with the provision that it was not to apply to a “female who is entertaining or performing in a play, exhibition, show or entertainment.” This resulted in antitopless ordinances being struck down on the ground that the State, by enacting section 245.01 and section 245.02 of the Penal Law pre-empted the subject of regulation (Town of Babylon v. Conte, 61 Misc 2d 1055).
The 1970 amendments to sections 245.01 and 245.02 clearly authorize the enactment by cities, towns or villages of a so-called “ antitopless ” ordinance. Thus, given the power, the Incorporated Village of Greenwood Lake after holding public hearings, enacted Local Law No. 4.
The term “police power” has often been defined as that power vested in the Legislature to make, ordain and establish all manner of wholesome and reasonable laws, statutes, and ordinances, with penalties or without, not repugnant to the Constitution, as they shall judge to be for the good and welfare of the commonwealth, and of the subjects of the same. Whatever affects the peace, good order, morals and health of the community comes within its scope (Black’s Law Dictionary [4th ed.]).
Assuming that Local Law No. 4 is not repugnant to the Federal or State Constitution, there can be little doubt but that the Incorporated Village of Greenwood Lake acted properly and within the limits of its police, power.
*346 We are not here dealing with freedom of speech, albeit nonverbal expression has been recognized as a form of speech within the meaning and protection of the First and Fourteenth Amendments (People v. Street, 20 N Y 2d 231, revd. on other grounds 394 U. S. 576; People v. Stover, 12 N Y 2d 462, app. dsmd. 375 U. S. 42). The Supreme Court of the United States, in Cox v. Louisiana (379 U. S. 536) has held that the same kind of freedom is not afforded those who seek to communicate ideas by conduct as to those who seek to communicate ideas by pure speech.
The State may proscribe many forms of conduct which threaten the peace, security, or well-being of its inhabitants, and the Constitution does not require that an exception be made for prohibited activities to which some persons would ascribe symbolic significance (People v. Stover, supra; People v. Martin, 15 N Y 2d 933, cert. den. 382 U. S. 828; People v. Penn, 16 N Y 2d 581, cert. den. 383 U. S. 969).
The defendant is not claiming that topless dancing is in and of itself obscene or that the performance(s) given by plaintiff Soli are obscene (Roth v. United States, 354 U. S. 476; People v. Steinberg, 60 Misc 2d 1041). The ordinance as enacted, is merely an attempt by a local community to exercise its right to determine for itself those standards which it deems offensive to its own general welfare, public safety, order and morals (People v. Winters, 268 App. Div. 30). The community has determined that topless dancing is offensive and the New York Legislature, recognizing the right of local communities to set community regulations based upon the community standards amended section 245.01 and section 245.02 of the Penal Law to permit local municipalities to prohibit such conduct.
In addition, Local Law No. 4 is anything but vague and indefinite. It clearly sets forth the act to be prohibited, whom it applies to, the circumstances under which it applies, and the penalty therefor.
Since Local Law No. 4 was duly enacted by the legislative body of the Village of Greenwood Lake, the statute is presumed to be in harmony with the Federal and State Constitutions (People v. Epton, 19 N Y 2d 496; Fenster v. Leary, 20 N Y 2d 309; City of Mt. Vernon v. East Hudson Parkway Auth., 45 Misc 2d 471, affd. 23 A D 2d 849). Any doubts must be resolved in favor of the constitutionality of the statute (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150). “ A statute should not ordinarily be set aside as unconstitutional by a court of original jurisdiction unless such conclusion is inescapable. Courts of first instance should not exercise transcendent power of declar *347 ing an act of Legislature unconstitutional except in rare cases involving life and liberty, and where the invalidity of the act is apparent on its face.” (McKinney’s, Statutes, § 150).
In the case at bar, plaintiffs have failed to overcome their burden of proof and show that Local Law No. 4 is arbitrary and capricious nor have they overcome the presumption in favor of the validity of a statute.
Finally, since the relief sought by plaintiffs is a preliminary injunction against the defendant, it is incumbent upon the plaintiffs to show that it is immediately and irreparably harmed by the enforcement of Local Law No. 4. Not only have plaintiffs failed to prove these necessary factors, but in .waiting a year before seeking the relief herein requested, the inescapable conclusion is that plaintiffs have not been so irreparably harmed as would justify this court’s granting a preliminary injunction.
This court is of the opinion that Local Law No. 4 is, on its face, duly enacted and a proper exercise of the legislative power given to the local governing body of the Incorporated Village of Greenwood Lake.
Accordingly, the instant' motion is in all respects denied.