Maetiít Rodell, J.
The issue in this nonpayment summary proceeding seems to be one of first impression. The court is called upon to interpret the provisions of section B15-37.0 of the Administrative Code of the City of New York as amended. The issue posed is the amount of rent which the City of New York may collect from a subtenant in possession, after vesting of title in a condemnation proceeding. Is it the rent paid by the sub-lessee to the sublessor prior to vesting; is it the amount paid by the sublessor to the owner in fee, the city’s predecessor in title; or may the court determine a rent which is fair and reasonable under the circumstances presented?
In its petition, the city seeks to recover the rent paid by the respondent sublessee to the sublessor, immediately prior to vesting. Respondent, on the other hand, contends that the city may recover only the amount of rent which the fee owner had received from the sublessor at time of vesting. There is a considerable disparity between the amounts, hence the dispute. The rent paid by the sublessee was $4,000 per month, the rent paid by the sub-lessor to the owner was $1,333 per month.
The tenant has also raised the issue of the constitutionality of the code section as amended. However, in conformity with the policy of our courts, that constitutional questions should not be considered unless necessary (Matter of Keogh v. Wagner, 20 *709 A D 2d 380; Matter of Peters v. New York City Housing Auth., 307 N. Y. 519), the court will not pass upon this issue, since a disposition may he made on nonconstitutional grounds. In any event, the constitutionality of statutes is best left to our appellate courts and not one of limited jurisdiction, as the Civil Court.
Prior to the amendment to section B15-37.0, the court had the authority in every instance where the parties could not agree, to determine the reasonable value in use and occupation of rented premises after vesting of title (New York City Housing Auth. v. Philmo Garage Corp., 67 N. Y. S. 2d 48).
The city correctly argues that the amendment to the statute changed that procedure. The right of the court to fix a reasonable value for the premises is limited only to an owner in possession ; as to persons in possession, the authority of the court is limited to a direction that they continue to pay the rent in effect at the time of vesting.
The respondent in turn, takes the position that the words “ persons in possession ” refer only to tenants who were paying rent directly to the fee owner and not to sublessees in possession as in the instant case.
The statute in question reads as follows :
“ b. All persons in possession of such premises at the time of the vesting of title thereto in the city, shall at the option of the city become tenants at will of such city and shall, unless the parties otherwise agree in writing, pay the same rent in effect immediately prior to vesting of title or unless within ten days after the vesting of title they shall elect to vacate and give up their respective holdings.
“ c. Where a person or persons in possession of the premises at the time of vesting of title thereto are the owners thereof, such person or persons shall at the option of the city become tenants at will of such city, unless within ten days after the vesting of title they shall elect to vacate and give up their holdings. Where such person or persons fail to vacate and give up their holdings, and become tenants at will of the city as herein provided, such person or persons shall pay the reasonable value for the use and occupancy of the premises.
In order to marshall the facts the court called for a hearing on the issues.
The tenant introduced uncontroverted expert testimony that on a month to month basis, deprived of the security of a lease term, the reasonable value of the premises was $1,000 per month.
*710 The tenant further presented proof by way of one of its officers, showing a steady decline in business, compounded by the uncertainties attendant to a month to month tenancy and its concomitant inability to store stocks of merchandise consistent with its discount selling policy.
The city took the position that the above-cited section was clear , and its intent and challenged on the ground of irrelevancy any evidence as to the reasonable value of the subject premises on a month to month basis.
Before a consideration of the reasonableness of the rent may be had, the court must first ascertain whether the power rests in the court to make such a determination. A reading of the statute convinces the court that it retains such power.
The purpose of the statute as amended was to relieve the courts of the burden of establishing reasonable value in every instance, nothing more or less. It cannot be said that the framers intended to abrogate the basic theory of the statute, that a fair and reasonable rent should be paid by the remaining tenant When the circumstances so warranted.
It also appears that the statute does not contemplate the situation presented here, that of an attempt by the city to step into the shoes of a sublessor, rather than the shoes of the owner.
Under the statute before it was amended, the city stood in lieu of the owner, and the reasonable value of every occupancy was determined by the court, whether the occupant was a former tenant or the prior owner. Thus, the city stood as direct landlord to every party in possession. It was not lessor to one and sublessor to another.
In adopting the new legislation, the City Council distinguished between owners and other persons in possession. However, in the court’s view, it simply neglected to make the distinction, which was not necessary under the old statute, between prime tenants and subtenants.
The court is constrained to conclude that, as remedial legislation, the amended code provision was designed to alleviate the burden of the courts and not to deprive the court of the jurisdiction to determine the reasonable value of occupancy subsequent to vesting of title in the city. In any event, there appears grave doubt whether the jurisdiction of the court can be circumscribed by local law.
Having determined that the court does have jurisdiction to determine reasonable value, before doing so, the court notes that it will not pass on respondent’s constitutional challenge to the statute, which has some merit, since there is no need to do so.
*711 At the hearing, decision was reserved on the city’s objection to the tenant’s expert testimony based on grounds that such testimony was irrelevant. In view of the findings herein, that objection is overruled.
To hold otherwise would put the court in a position of granting the city a most generous “ windfall.” Relieved of the payment of $19,500 in real estate taxes as its predecessor in title was required to do, the city would be receiving .the benefit of $2,600 per month more than the prior owner. Certainly the ‘ ‘ windfall ’ ’ was not contemplated by the framers of the statute.
On the other hand, the court finds inequity in the tenant’s contention that it should pay to the city only that amount that the owner was receiving from the sublessor. Whilé the court is mindful of the diminution in the value of the tenant’s premises because of the loss of a valuable lease term, nevertheless, the court has evaluated the evidence adduced and finds that there must be more value to the continued operation of the business than in its discontinuance. Accordingly, the testimony of tenant’s expert, while probative, is not conclusive. The court also rejects tenant’s argument that the reasonable use and occupancy is the $1,333.33 per month paid by the sublessor to the owner. There is also the consideration that the city will have to expend moneys to keep the exterior and structure of the premises in good repair, absent the lease.
With respect to the decrease in tenant’s business, the court notes that the city initially advanced the argument that there was an administrative procedure for alleviation of rent based on loss of business by a tenant. After the hearing, the city stipulated that there was, in fact, no machinery provided for the relief contemplated by the statute.
As a matter of public policy, the courts should be wary in directing the payment of exhorbitant rents as provided in subleases as against the rent provided in major leases. The former may be subject to the temptation of collusion to possibly enhance the value of the property in a condemnation proceeding, and the result may very well be a mulcting of the City of New York. A major lease, arrived at at arm’s length, would be more reflective of the true value of the property and a more secure basis for a determination by the court.
On all of the facts, the court finds the reasonable use and occupancy of the premises to be $1,750 per month.
Final judgment for landlord for $5,266.80. Five days’ stay.