Eugene R. Wolin, J.
By notice of motion dated January 14, 1975, plaintiff has moved for an order of arrest. Also, by notice of motion dated January 22, 1975, plaintiff has moved to vacate the judgment dated and entered herein on the 16th day of January, 1975 in favor of the plaintiff and against the defendant Marvin Markowitz. For the purpose of expediency, both motions will be considered simultaneously.
The chronology of events is important. On January 10, 1975 this court rendered a decision in favor of the plaintiff and against the defendant Markowitz in the sum of $3,000 upon an action for fraud and deceit. As a result thereof, plaintiff became entitled to an order of arrest (formerly known as body execution) pursuant to CPLR 6101 (subd 1), which provides in pertinent part:
"An order of arrest as a provisional remedy may only be granted:
"1. where there is a cause of action to recover damages * * * for fraud or deceit, and the person to be arrested is not a woman”.
Shortly after the decision was rendered plaintiff’s attorney met with little or no success in his attempts to communicate with defendant’s counsel. Thereupon, on January 14, 1975 plaintiff moved for an order of arrest on notice to defendant’s attorneys. Upon receipt of said notice of motion, defendant’s counsel magnanimously proceeded with consummate haste to enter a money judgment in favor of the plaintiff and against the defendant. Concededly, this action was taken to forestall the issuance of an order of arrest of the defendant since CPLR *632 6111 provides: "An order of arrest as a provisional remedy may be granted, in the discretion of the court, without notice, before or after service of summons and at any time before judgment” (emphasis added).
When confronted with this artful ploy of the defendant, plaintiff subsequently and by the aforesaid notice of motion dated January 22, 1975 moved to vacate the judgment dated and entered by the defendant on January 16, 1975.
It is indeed obvious and openly admitted by the defendant that the judgment entered by him was perfected solely to defeat plaintiff’s motion dated January 14, 1975 for the order of arrest.
The court is well aware that CPLR 5017 (subd [a]) permits the entry of judgment either by the plaintiff or defendant irrespective of which party may have prevailed in the action. However, this court cannot permit or condone the defendant’s use of what may be a procedurally permissible practice which serves ultimately to thwart not only the plaintiff’s substantive right to an order of arrest but, more importantly, this court’s judicial prerogative to render a decision on the motion. To permit a defendant to proceed in such manner would, in every case after trial, cause a defendant to speedily enter judgment, thereby effectively nullifying any prospective use of the statute.
CPLR 5015 (subd [a]) enumerates those grounds upon which: "The court which rendered a judgment or order may relieve a party from it upon such terms as may be just”.
However, it is well established that the court has inherent power, not limited by the provisions of CPLR 5015 to set aside a judgment on such grounds or "in the interests of substantial justice.” (Pagano v Arnstein, 292 NY 326, 331; 755 Seventh Ave. Corp. v Carroll, 266 NY 157; Crouse v McVickar, 207 NY 213; Ladd v Stevenson, 112 NY 325; 5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.12; 9 Carmody-Wait, NY Prac [2d ed], par 63:163; 20 NY Jur, Equity, § 130 et seq.; Restatement, Judgments, §§ 112-130.)
In Ladd v Stevenson (supra) the Court of Appeals declared (p 332): "The whole power of the court to relieve from judgments taken through 'mistake,, inadvertence, surprise or excusable neglect,’ is not limited * * * but in the exercise of its control over its judgments it may open them upon the application of anyone for sufficient reason, in the furtherance of *633 justice. Its power to do so does not depend upon any statute, but is inherent.”
At trial, the parties’ testimony and documentary evidence clearly indicated that defendant Markowitz, with willful intent, issued a check to the plaintiff, well aware that insufficient funds existed in the account upon which it was drawn.
The insufficiency was the result of defendant Markowitz’s issuance of a check to himself rather than to the awaiting plaintiff. The undisguised pattern of the defendant’s financial maneuvering left little doubt in the court’s mind that the defendant’s actions constituted actual fraud and deceit upon the plaintiff. In view of the foregoing, customary supplementary proceedings would be of little assistance to the plaintiff in recovering what is rightfully its due.
Accordingly, the court deems it proper to exercise its inherent power to grant what it considers to be the appropriate relief in this case. Thus, the judgment in favor of the plaintiff, Bon-R Reproductions, Inc., against the defendant Marvin Markowitz dated and entered January 16, 1975 is vacated. In view of this determination it becomes unnecessary to consider the defects in the judgment itself.
With respect to plaintiff’s motion for an order of arrest, the defendant, in his opposition papers raises an issue which merits careful consideration by this court. Specifically, defendant Markowitz argues, that CPLR 6101 (subd 1) is unconstitutional and violative of the 14th Amendment of the United States Constitution and section 1 of article I of the Constitution of the State of New York, in that all women, unlike men, are exempt from civil arrest where an action exists for conversion of personal property, fraud or deceit. The defendant contends that such sex-based discrimination "arbitrarily subjects all men to the hazard of possibly being arrested in the same situation in which a woman would not be arrested.”
The question of the constitutionality of CPLR 6101 (subd 1) appears to be one of novel impression, and as such is deserving of further discussion.
The defendant’s standing to raise the question is not in issue. Although defendant Markowitz has neither been arrested nor has an order been issued for his arrest pursuant to CPLR 6111, nevertheless, "the existence of a constitutional violation does not depend on the circumstances of the person making the claim”. (Peters v Kiff, 407 US 493, 498.) As a *634 male, defendant Markowitz is intimately affected by any potential exercise of the statute’s provisions.
The United States Supreme Court has on recent occasion, dealt with the question of the constitutionality of statutes which serve to effectuate and/or perpetuate discrimination based solely upon sex and they are of some relevance to the issue at hand.
In Reed v Reed (404 US 71) Chief Justice Burger stated (p 75), for a unanimous court, that preferential appointment of men, rather than equally qualified women, as administrators of decedents’ estates in an Idaho probate court "establishes a classification subject to scrutiny under the Equal Protection Clause.” Although recognizing the legitimacy and purpose of eliminating one class of probate contestants, the court nevertheless concluded (p 77) that "by providing dissimilar treatment for men and women who are thus similarly situated, the challenged section violates the Equal Protection Clause.”
In May, 1973, the Supreme Court decided the case of Frontiero v Richardson (411 US 677) by a vote of eight to one. There the court felt compelled to strike down a Federal law which provided that wives of male members of the armed forces were entitled to housing and medical benefits without regard to the facts of the wives’ dependency. Similar benefits however were denied to the husbands of female members of the armed services unless the husbands’ dependency could be demonstrated. Suit was initiated by a male dependent and his female officer-wife contending, as in the case at bar, that the existence of unreasonable discrimination based upon sex was violative of the Due Process Clause of the Constitution. Drawing upon its earlier decision in Reed v Reed, supra, the court declared (p 682): "At the outset, appellants contend that classifications based upon sex, like classifications based upon race, alienage, and national origin, are inherently suspect and must therefore be subjected to close judicial scrutiny. We agree and, indeed, find at least implicit support for such an approach in our unanimous decision only last Term in Reed v Reed”
The Frontiero decision firmly established that statutes which discriminate in favor of women and against men are also subject to "close judicial scrutiny” as they too are based upon an "inherently suspect classification.” (Ballard v Laird, 360 F Supp 643.) On its face, CPLR 6101 (subd 1) sets up a sex-based classification rendering women immune from civil *635 arrest upon certain designated causes of action. Although it is well established that the Legislature has extremely broad powers with respect to formulating certain classifications, any differentiation made between classes of persons must rest upon some rational consideration which is not palpably improper. (Jesmer v Dundon, 29 NY2d 5; Matter of Bauch v City of New York, 21 NY2d 599.) However, it is equally recognized that such legislative power, particularly with respect to classification based upon sex, should not be exercised without first demonstrating the reasonableness of the relationship between the purposes of the discrimination and the sex-based classification itself. (Seidenberg v McSorley’s Old Ale House, 308 F Supp 1253; Baxtrom v Herold, 383 US 107.)
After careful review of decisional and treatise authority this court is unable to discern any rational or reasonable basis for the distinction between men and women such as to grant women a special exemption or immunity from civil arrest pursuant to CPLR 6101 (subd 1). As pointed out in Weinstein-Korn-Miller, New York Civil Practice (vol 7, par 6101.12): "The reason for the discrimination in favor of women * * * is not clear * * * The exemption for women found in CPLR 6101(1) appeared when the Legislature restored arrest in actions for conversion, fraud or deceit by adding subparagraph 1 to the Advisory Committee’s draft. The exemption may represent a compromise within the Legislature or simply a certain squeamishness about incarcerating females in civil actions solely because of the nature of the lawsuit brought against them. Special treatment based upon sex is difficult to justify”.
The court heartily concurs and finds that there has been no cogent demonstration that a reasonable or rational classification, based solely upon sex, exists with respect to the exemption provided for women in CPLR 6101 (subd 1).
It is worthwhile to note that within the last decade, there has been an increased awareness and interest in the status of women in almost every aspect of American life. Attitudes towards women and their roles in society have rapidly changed and indeed are changing daily. What woman today, militant feminist or contented housewife would not bridle at the words of Justice Bradley in Bradwell v State (83 US 130) where he stated (p 141): "The paramount destiny and mission of woman are to fulfil the noble and benign offices of wife and mother. This is the Law of the Creator”?
*636 Today, women are rightfully taking their place within the very fabric of our democratic society. No longer will they be automatically exempt from serving as jurors in our courts (Taylor v Louisiana, 419 US 522). No longer will they be legally denied access to equal employment and salaries (subchapter VI of the Federal Civil Rights Act of 1964, US Code, tit 42, § 1981 et seq.; Federal Equal Employment Opportunity Act of 1964, US Code, tit 42, § 2000e et seq., respectively). No longer will women in New York State be subject to various forms of invidious discrimination in the purchase of insurance policies. (Insurance Department Regulation 75, effective June 1, 1975.) Indeed, at this writing 34 States have ratified and adopted the proposed constitutional amendment, popularly called the Equal Rights Amendment, which would prohibit the denial of equal rights on account of sex. If ratified by four more States the "ERA” will become the law of the land. Thus, this court believes that the term "equal rights” must mean that the law will not irrationally discriminate against men or women, and thus it follows that women too should have an "equal right” to be subjected to civil arrest pursuant to CPLR 6101 (subd 1).
The court is in accord with the Reed and Frontiero decisions and their progeny which leave little doubt that individuals, similarly situated, whether male or female must be accorded evenhanded treatment by the law. (People ex rel. Watts v Watts, 77 Misc 2d 178.)
However, one further question remains. Should this court, as a court of limited jurisdiction, take upon itself the task of declaring CPLR 6101 (subd 1) unconstitutional? The court believes that it should not.
This court is acutely mindful of the provisions of section 150 of McKinney’s Consolidated Laws of New York (Book 1, Statutes) which state in pertinent part: "It is with great reluctance and as a last resort that the courts will strike down a solemn legislative enactment on the ground that it conflicts with the state or federal Constitutions * * * If there is any doubt as to the constitutionality of a statute the Legislature’s expressed will should be upheld; and mere doubt does not afford a sufficient ground for a judicial declaration of invalidity * * * A statute should not ordinarily be set aside as unconstitutional by a court of original jurisdiction unless such conclusion is inescapable. Courts of first instance should not *637 exercise transcendent power of declaring an act of the Legislature unconstitutional.”
(See Ahern v South Buffalo Ry. Co., 303 NY 545, affd sub nom. South Buffalo Ry. Co. v Ahern, 344 US 367; Defiance Milk Prods. Co. v DuMond, 309 NY 537; Shielcrawt v Moffett, 49 NYS2d 64, affd 268 App Div 352, revd on other grounds 294 NY 180; Brandon Shores v Incorporated Vil. of Greenwood Lake, 68 Misc 2d 343.)
The court is persuaded and guided by the decision of Judge Rodell of the Civil Court bench in Queens County in City of New York v Robbins Clothing Store (72 Misc 2d 707, 709, revd on other grounds, sub nom. City of New York v Robbins Men and Boys Wear Corp., 75 Misc 2d 104) wherein he stated: "the constitutionality of statutes is best left to our appellate courts and not one of limited jurisdiction, as the Civil Court.”
This court is of the same opinion and thus the declaration of the unconstitutionality of CPLR 6101 (subd 1) must await the appropriate appellate court should the litigants embark upon appeal of this decision.
Accordingly, plaintiffs motion vacating the judgment dated and entered January 16, 1975 by the defendant is granted, as hereinabove indicated. Furthermore, for the reasons previously cited, plaintiffs motion for an order of arrest of the defendant Marvin Markowitz is granted. Bail shall be fixed in the sum of $3,500.