Stewart F. Hancock, Jr., J.
In this -'declaratory judgment action the court is confronted with a pure question of law, viz.: is the ordinance of May 12, 1975 of the Town of Van Burén— enacted for the stated purpose of regulating the amount of clothing to be worn in certain public places such as restaurants and bars — unconstitutional on its face and therefore invalid in view of recent United States Supreme Court and other controlling Federal decisions pertaining to similar "anti-topless” ordinances?[1] (See, particularly, Salem Inn v Frank 522 F2d 1045, affg 381 F Supp 859; Doran v Salem Inn, 422 US 922, affg Salem Inn v Frank, 501 F2d 18, affg 364 F Supp 478.)[2]
In this court’s opinion the ordinance — although undeniably well-intentioned — must be found invalid under existing precedents on two grounds:
(1) It is overbroad in its scope and would, as drawn, control or prohibit actions protected as expression under the First Amendment of the United States Constitution. (Doran v Salem Inn ["Salem I”], supra, p 924; Lewis v City of New Orleans, 415 US 130, 134; Thornhill v Alabama, 310 US 88, 97, 98; Southeastern Promotions v Conrad, 420 US 546, 560; Salem Inn v Frank ["Salem I"], supra; California v LaRue, 409 US 109, 118; Erznoznik v City of Jacksonville, 422 US 205, 209.)
*792 (2) Since it prohibit^ nonobscene topless or nude performances in restaurants, bars and discotheques but not in theatres, out-door or drive-in theatres, burlesque halls or other places of entertainment with no showing of any justification for such distinction, the ordinance is discriminatory and violates plaintiff’s rights under the equal protection clause of the Fourteenth Amendment. (Shapiro v Thompson, 394 US 618; Salem Inn v Frank ["Salem I"] supra.)
Despite the Town’s insistence in its briefs that the ordinance was passed solely for the purpose of controlling the amount of clothing worn in public places and that it did not at all intend to prohibit or control nude or topless dancing, there can be no doubt that the ordinance is sufficiently broad to proscribe totally such performances in restaurants and bars, including plaintiff’s.[3] If an ordinance, while lawfully prohibiting or controlling conduct which is not protected as expression by the First Amendment, also unlawfully prohibits or controls acts or performances which are constitutionally protected— even if not so intended — it must fall. (Doran v Salem Inn ["Salem I”], supra; Lewis v City of New Orleans, supra; Thornhill v Alabama, supra.) Such is the case here. For while the ordinance might have been more narrowly drawn so as only to control or prohibit — within permissible constitutional limits — certain undesirable actions by patrons or lewd and obscene performances by entertainers, it is not so drawn. Instead, it includes within the area of its prohibition or control nonobscene performances or dances which have been held to be a form of expression protected by the First Amendment of the United States Constitution. (Salem Inn v Frank ["Salem II”], supra; Southeastern Promotions v Conrad, 420 US 546, 560; California v LaRue, supra, p 118; Erznoznik v City of Jacksonville, supra, p 217.)
On August 28, 1975 in "Salem II”, the Second Circuit affirmed District Court Judge Bartels’ clear-cut holding that a virtually identical ordinance[4] enacted by the Town of North Hempstead was overbroad and unconstitutional since it prohibited nonobscene dancing. As the Second Circuit stated (p *793 1048) : "we recognize that there is only a modicum of expression involved in the conduct of appellee’s dancers. But that modicum is one of constitutional significance”.
While the Supreme Court of the United States has not yet passed on the ordinance in "Salem II”, it has had before it in "Salem I” an ordinance identical in all respects except that by its terms, in addition to bars, restaurants and similar establishments, it applied to "any public place.” In "Salem I” the Supreme Court affirmed the granting of the preliminary injunction against enforcement of the ordinance holding that there had been, at least for purposes of the preliminary injunction, "a sufficient showing of the likelihood of ultimate success on the merits.” (Supra, p 932.)
Of equal effect in this case is the Second Circuit’s holding that the "Salem II” ordinance offends the Constitution in that it is discriminatory and, thus, deprives plaintiff of its rights under the equal protection clause of the Fourteenth Amendment. The Second Circuit in "Salem II” held: "We agree with Judge Bartels, however, that the modicum of expression involved in topless dancing puts this case into the other 'tier’ of equal protection, where 'strict scrutiny’ of the ordinance must be made. Since the Town has shown no compelling justification for differentiating between one interest in expression (topless dancing in a bar) and another (topless dancing in the 'legitimate’ theater), the burden on the interest of expression implicit in the commercial distinctions in this ordinance makes the Town’s scheme constitutionally unpermissible.” (p 1049) .
Defendants’ reliance on Crownover v Musick (9 Cal 3d 405, cert den 415 US 931), Brandon Shores v Incorporated Vil. of Greenwood Lake (68 Misc 2d 343) and People v Moreira (70 Misc 2d 68) is misplaced. The Crownover reasoning was explicitly rejected in "Salem II”by Judge Bartels as being contrary to the Second Circuit’s holding that dancing, even nude dancing, may fall within the purview of First Amendment protection. (381 F Supp 859, 862.) In neither Moreira nor Brandon Shores is the First Amendment issue discussed in depth in the light of then applicable Supreme Court decisions. Both cases predate all of the "Salem I” and "Salem II” decisions as well as current pronouncements by the Supreme Court on First Amendment protection in Southeastern Promotions v Conrad (supra), concerning the musical "Hair”, and Erznoznik v City of Jacksonville (supra), relating to an ordinance prohibiting *794 the showing of nude scenes visible from the street by outdoor drive-in theatres. Moreover, in "Salem I” Judge Bartels pointedly disapproved of the Brandon Shores rationale. (364 F Supp 478, 482.)
Nor is the Supreme Court’s holding in California v LaRue (supra) helpful to defendants, since the Van Burén ordinance does not purport to regulate the places where or the conditions under which liquor is served. By its express terms the ordinance applies to all restaurants — whether or not they sell liquor. In LaRue the court’s holding was based on the authority of the Department of Alcoholic Beverage Control under the Twenty-First Amendment of the United States Constitution to regulate and control certain types of entertainment including topless or nude performances in establishments licensed to dispense liquor.
Even though the question here concerns the local ordinance of a town and not a statute adopted by the New York State Legislature, the general presumption in favor of the constitutionality of a legislative enactment applies. (See Brandon Shores v Incorporated Vil. of Greenwood Lake, 68 Misc 2d 343, 346, supra.) However, this court’s reading of the applicable authorities — particularly the Second Circuit decision in "Salem //’ — points, in its judgment, to the ultimate holding by appellate courts that the ordinance, as drawn, is defective. It should not, under such circumstances, be deterred from expressing its considered opinion on the matter, particularly where, as here, a business establishment is involved and prosecutions under the ordinance, if later held invalid by a higher court, would result in expense, loss of income and other irreparable damage.
Plaintiff is entitled to a judgment declaring the ordinance invalid in accordance with this decision and an injunction against enforcement of the ordinance.

. Plaintiff is a restaurant and bar in Baldwinsville, New York. In its complaint, in which it seeks to have the ordinance invalidated, plaintiff alleges that, as part of its business, it regularly provides entertainment for its customers including "topless dancing” which would violate the terms of the ordinance. Such violation would subject plaintiff to prosecution and a fine of $250 per day. These allegations are conceded by defendants. There is, therefore, no factual issue as to the type, quality or desirability of the entertainment provided.
Nor is any question concerning allegedly obscene conduct — which would be punishable under section 245.00 of the Penal Law involved in this case. The ordinance makes any appearance or performance in certain public places with less than the required amount of clothing a violation — whether or not such appearance or performance is obscene and even if it can be said to have some artistic merit. Thus, the sole question is the legal one, viz.: the constitutionality of the ordinance.

. The Salem Inn litigation involves two unsuccessful attempts by the Town of North Hempstead in different ordinances to ban nudity in public places. The language of each Salem ordinance prohibiting "anti-topless” appearances by females is identical to that in the Van Burén ordinance in question. The earlier Salem ordinance prohibited nude entertainment in "any public place.” The second ordinance omits these last quoted words and limits its application to specifically enumerated places. In this respect the second Salem ordinance is similar to that of Van Burén. For convenience Salem Inn v Frank (364 F Supp 478, affd 501 F2d 18, affd sub nom. Doran v Salem Inn, 422 US 922) involving the first ordinance will hereafter be referred to as "Salem I", while Salem Inn v Frank (381 F Supp 859, affd 522 F2d 1045) involving the revised ordinance will be referred to as "Salem II.”

. The Van Burén ordinance, in pertinent part, reads as follows: "It shall be a violation * * * for any person to appear before or in the view of such patrons with breasts uncovered in such a manner that the portion of the breast below the top of the areola is not covered or the lower part of the torso uncovered or so thinly covered or draped as to appear uncovered.” (Town of Van Burén Ordinance, May 12,1975.)

. See n 2.