Roger J. Miner, J.
Attacking the constitutionality of subdivision 6-a of section 106 the Alcoholic Beverages Control Law (L 1977 ch 321), plaintiffs seek a preliminary injunction enjoining the enforcement of that statute insofar as it prohibits "topless” dancing in premises licensed for on-premises consumption of alcoholic beverages by the State Liquor Authority.[1]
In determining that nudity is not lewd or indecent per se, the Court of Appeals has indicated that the State Liquor Authority may regulate nude dancing in licensed premises. (Matter of Beal Prop, v State Liq. Auth., 37 NY2d 861, revg 45 AD2d 906.) The authority has adopted a regulation prohibiting total nudity anywhere in licensed premises and further prohibiting "topless” entertainment except in the case of a "female entertainer performing on a stage or platform which is at least 18 inches above the immediate floor level and which is removed at least six feet from the nearest patron.” (9 NYCRR 53.1 [r], [s].) Although plaintiffs have no quarrel with the regulation, it is their contention that the total prohibition of "topless” dancing by the Legislature is an unwarranted invasion of the freedom of expression guaranteed by the First Amendment of the United States Constitution.
In a phrase appropriate to the activity involved, the United States Supreme Court has held that nude dancing should be accorded "the barest minimum of protected expression” under the First Amendment. (Doran v Salem Inn, 422 US 922, 932.) Salem Inn involved an ordinance of the Town of North Hemp-stead which was found to be overbroad in prohibiting females *782 from appearing with uncovered breasts "in any public place.” The court pointed out that such an ordinance would prohibit the performance in the town of the "Ballet Africains” and other artistic and socially redeeming works.[2]
Nevertheless, it is most significant that in the Salem Inn case the court summarized its decision in a prior case, California v LaRue (409 US 109) in the following words: "In LaRue, however, we concluded that the broad powers of the States to regulate the sale of liquor, conferred by the Twenty-first Amendment, outweighed any First Amendment interest in nude dancing and that a state could therefore ban such dancing as a part of its liquor license program.” (Doran v Salem Inn, supra, pp 932-933). This statement is controlling on the issue of First Amendment impingement here.
The fact that the Legislature held no hearing and made no findings of fact prior to enactment of the statute under attack cannot be considered to impair the validity of the enactment and every statute is entitled to the strongest presumption of constitutionality. (McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 16, 150.) While a court may entertain serious doubts that the new legislation will be "an important weapon in the fight against the spread of pornography and sex oriented businesses” (Memorandum to the Governor by State Liquor Authority), it would be improper to substitute judicial judgment for legislative judgment in this area. Suffice it to say, there appears to be no constitutional infirmity in the legislation.
Plaintiffs further arguments, viz., that there is no evil to which the legislation is directed, that the statute is over-broad,[3] that it is not based upon a reasonable classification *783 and that it is not based upon any State policy relating to the regulation of liquor sales are rejected. The plaintiffs having failed to establish the requisite clear right to relief, the motion for preliminary injunction must be denied. (7A Weinstein-Korn-Miller, NY Civ Prac, par 6301.18.)

. The statute provides as follows: "No retail licensee for on-premises consumption shall suffer or permit any person to appear on licensed premises in such manner or attire as to expose to view any portion of the pubic area, anus, vulva or genitals, or any simulation thereof, nor shall suffer or permit any female to appear on licensed premises in such manner or attire as to expose to view any portion of the breast below the top of the aureola, or any simulation thereof.” Apparently, plaintiffs do not challenge the provisions of the statute barring "bottomless1” dancing.

. It should be noted that section 245.01 of the Penal Law prohibits exposure of female breasts in public places unless the female is performing in a play, exhibition, show or entertainment; however, the same statute permits cities, towns and villages to adopt local laws prohibiting exposure in performances. Whether such local laws can withstand constitutional challenge is an open question in light of Salem Inn. (See People v Nixon, 86 Misc 2d 564, affd 88 Misc 2d 913.)

. A later ordinance adopted by the Town of North Hempstead prohibited nude dancing in any cabaret, bar, lounge, dancehall, discotheque, restaurant or coffee shop within the Town. In holding the ordinance invalid for First Amendment overbreadth and Fourteenth Amendment equal protection violation, the United States Court of Appeals, 2d Circuit, made this significant statement: "The Twenty-first Amendment does not justify regulatory control over places that serve only food or which provide entertainment but not alcoholic beverages.” (Salem Inn v Frank, 522 F2d 1045, 1050, affg 381 F Supp 859; emphasis supplied; see, also, Lucifer’s Gate v Town of Van Buren, 83 Misc 2d 790.)