OPINION OF THE COURT
Daniel C. Wilson, J.
The defendants’ attorney in this matter has moved the court for an order dismissing the information herein upon the basis that Local Law No. 3 of 1971 of the City of Rome, regulating topless entertainment, is unconstitutional on its face, and for certain other specified relief.
Michael Wehnke has been charged with a violation of the City Charter of the City of Rome upon the basis that he permitted topless entertainment at a premises known as the Candy Store Restaurant, 207 South James Street, Rome, New York, on November 5, 1980. The defendant Donna M. Tornberg was charged with engaging in topless entertainment at the same time and place.
The enabling legislation for local antitopless ordinances reads as follows:
“§ 245.01 Exposure of a female
“A female is guilty of exposure when, in a public place she appears clothed or costumed in such a manner that *882 the portion of her breast below the top of the areola is not covered with a fully opaque covering. This subdivision shall not apply to any female entertaining or performing in a play, exhibition, show or entertainment.
“Exposure of a female is a violation.
“Nothing in this section shall prevent the adoption by a city, town or village of a local law prohibiting the exposure of a female substantially as herein defined in a public place, at any time, whether or not such female is entertaining or performing in a play, exhibition, show or entertainment.” (Penal Law, § 245.01, as added by L 1967, ch 367, § 1, as amd by L 1970, ch 40, § 1.)
“§ 245.02 Promoting the exposure of a female
“A person is guilty of promoting the exposure of a female when he knowingly conducts, maintains, owns, manages, operates or furnishes any public premises or place where a female appears clothed or costumed in such a manner that the portion of her breast below the top of the areola is not covered with a fully opaque covering. This subdivision shall not apply where such female is entertaining or performing in a play, exhibition, show or entertainment.
“Promoting the exposure of a female is a violation.
“Nothing in this section shall prevent the adoption by a city, town or village of a local law prohibiting the exposure of a female substantially as herein defined in a public place, at any time, whether or not such female is entertaining or performing in a play, exhibition, show or entertainment.” (Penal Law, § 245.02, as added by L 1967, ch 367, § 1, as amd by L 1970, ch 40, § 1.)
In accordance with these provisions the Common Council of the City of Rome sought to regulate such topless entertainment by enacting what has been codified as section 6 of title C of the city charter:
“Section 1. No female shall entertain or perform in a play, exhibition, show or entertainment in a public place within the city limits of the city of Rome, New York with all of her breast or breasts uncovered, or so thinly covered or draped as to appear uncovered.
*883 “§ 2. No person shall knowingly conduct, maintain, own, manage, operate or furnish any public premises or place where a female appears or' entertains therein with all of her breasts or breasts uncovered, or so thinly covered or draped as to appear uncovered.
“§ 3. Any person who is found to have violated any section of this law shall be deemed guilty of a violation and shall be punishable in accordance with section 1-8 of the general penalty section of the Rome code of ordinances, and section thirty-eight A of the charter of the city of Rome.
“§ 4. For the purpose of this local law, proper coverage of the breast or breasts shall mean coverage from the top of the aureola to the bottom portion of the breast or breasts.” (Local Laws, 1971, of City of Rome, §§ 1-4.)
The defendant contends that the charter provisions of the City of Rome are invalid and unconstitutional upon the following grounds:
(1) that topless dancing is a form of art, not obscene, and a protected form of expression under the First Amendment to the United States Constitution and under section 8 of article I of the New York Constitution;
(2) that it violates the due process clause of the Fourteenth Amendment to the United States Constitution and the First Amendment, by proscribing constitutionally protected activity;
(3) that the common council has deemed to declare obscene such performances without following the community standards doctrine set forth by the Supreme Court.
As to the first argument proposed by the defendants, both the courts of New York State and the Federal courts have recognized nonobscene topless dancing as being a constitutionally protected form of expression, which may not be prohibited in accordance with the freedom of expression guarantee of the First Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment due process clause. (Salem Inn v Frank, 501 F2d 18 [hereinafter Salem I]; Salem Inn v Frank, 522 F2d 1045 [hereinafter Salem II]; Matter of TJPC Rest. Corp. v State Liq. Auth., 61 AD2d 441, affd 48 *884 NY2d 884; Lucifer’s Gate v Town of Van Buren, 83 Misc 2d 790; Bellanca v New York State Liq. Auth., 50 NY2d 524.)
Although the ordinance is well intentioned, dancing is a modicum of expression protected by the First Amendment. Nude dancing has been held to be within the constitutional protection of free expression. (California v LaRue, 409 US 109, 118 [Rehnquist, J.], Salem I, supra, at p 20; Doran v Salem Inn, 422 US 922; Bellanca v New York State Liq. Auth., supra, at p 529.) Although the protection afforded to nudity by the First Amendment is minimal, a State or a local governing body acting through the charter of its government, cannot totally restrict topless dancing under all circumstances (Doran v Salem Inn, supra; Bellanca v New York State Liq. Auth., supra).
The antitopless ordinance must also fall for being over-broad in its scope by prohibiting constitutionally protected nonobscene performances or dances, as well as performances that may be legitimately restricted. (Doran v Salem Inn, supra, at p 924; Lewis v City of New Orleans, 415 US 130, 134; Thornhill v Alabama, 310 US 88, 97, 98; Southeastern Promotions v Conrad, 420 US 546, 560; Salem II, supra; California v LaRue, supra, at p 118; Erznoznik v City of Jacksonville, 422 US 205, 209; Matter of TJPC Rest. Corp. v State Liq. Auth., 61 AD2d 441, 443, supra; Lucifer’s Gate v Town of Van Buren, supra, at p 791.)
As to the third argument proposed by the defendant, it does not appear that the local law on its face seeks to declare such performances obscene. Accordingly, the rationale of the defendants’ third argument is not accepted by the court.
As the Court of Appeals (Wachtler, J.) stated in declaring unconstitutional subdivision 6-a of section 106 of the Alcoholic Beverage Control Act, however, this ordinance does not address the question as to whether topless dancing, should always be allowed no matter how or where performed. (Bellanca v New York State Liq. Auth., supra, at p 529.) The type of dancing is entitled to “minimal protection” only, but the charter provision before the court is invalid for the reasons stated.
*885 The informations against the defendants are hereby dismissed, the bail is released, and Local Law No. 3 of 1971 of the City of Rome is hereby declared unconstitutional and void.