█ CITY OF NEW YORK et al., Respondents, v. S&H BOOK SHOP, INC., et al., Appellants.— Order, Supreme Court, New York County, entered July 3, 1972, granting plaintiffs' motion for an order staying and enjoining defendants from operating a place of public amusement at 251 West 42nd Street, Borough of Manhattan, or any other location without first obtaining the required license is reversed, on the law and in the exercise of discretion, without costs and without disbursements, the motion denied and the injunction vacated. The exhibition of motion pictures by means of coin-operated projection machines is encompassed within the First Amendment of the United States Constitution. (Cf. *Joseph Burstyn, Inc.* v. *Wilson,* 343 U. S. 495; *Kingsley Pictures Corp.* v. *Regents,* 360 U. S. 684.) "A law subjecting the exercise of First Amendment freedoms to the prior restraint of a license, without narrow, objective, and definite standards to guide the licensing authority, is unconstitutional." (*Shuttlesworth* v. *Birmingham,* 394 U. S. 147, 150–151.) On its face, section B32–1.0 of the New York City Administrative Code appears to vest unbridled discretion in the Commissioner to define and determine the standards for granting a license. There is thus presented, a serious question as to the constitutionality of the licensing provision which plaintiffs seek to enforce, and as such, a clear right to the drastic remedy of a temporary injunction has not been demonstrated. We note that several other courts have questioned the constitutionality of this and other related provisions of the Administrative Code (see *Avon 42nd St. Corp.* v. *Myerson,* 352 F. Supp. 994; *Mature Enterprises* v. *Murphy,* S. D. N. Y., Dec. 28, 1972, WEINFELD, J.). In this posture of the case, we do not reach the ultimate issue of whether the statute is in fact constitutional. Such determination must await a fuller presentation. It might very well be, for example, that section B32–1.0 of the New York City Administrative Code when read in conjunction with the related provisions in the code is to be interpreted and applied in such manner as to limit the Commissioner's discretion to areas of public safety or prevention of fraudulent practices. Such interpretation might pass constitutional muster. (*Shuttlesworth* v. *Birmingham, supra.*) Concur — Markewich, J. P., Tilzer and Macken, JJ.; Nunez, J., dissents and votes to affirm.