**414 THEATRE CORP., Plaintiff,**

v.

**Patrick MURPHY, Individually and as Police Commissioner of the City of New York, Bess Myerson, Individually and as Commissioner of the Department of Consumer Affairs of the City of New York, Defendants.**

No. 73 Civ. 22.

United States District Court,
S. D. New York.

June 28, 1973.

Kassner & Detsky, New York City, for plaintiff.

Norman Redlich, Corp. Counsel, New York City, for defendants; Renee Modry, New York City, of counsel.

LASKER, District Judge.

Plaintiff, 414 Theatre Corp. ("414"), seeks to have declared unconstitutional Title B, Article 1, of Chapter 32 of the Administrative Code of the City of New York and to enjoin the enforcement of this provision. This section of the Administrative Code governs licensing of places of public amusement. 414 leases and operates a store which exhibits motion pictures in coin-operated machines, commonly known as "peep shows". It has not applied for a license and does not wish to do so. Defendants are the Commissioners of the Police Department and of the Department of Consumer Affairs.

414 applied for a preliminary injunction in January of this year. We denied the application without prejudice to renewal in order to permit the matter to be litigated in the state courts. We did so in the spirit of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and United States ex rel. Goodman v. Kehl, 456 F.2d 863 (2d Cir. 1972) with full awareness that denial was not mandated by these cases, since no criminal or civil cases involving 414 were pending in the state courts, because we thought that in the interest of comity the exercise of equitable power should be withheld since 414 would not be harmed by the delay, defendants having undertaken not to enforce the ordinance against it in the interim.

Subsequently, the Appellate Division First Department rendered a decision in City of New York v. S & H Book Shop, Inc., 41 App.Div.2d 637, 341 N.Y.S.2d 292 (1st Dept. 1973), vacating an injunction against operating peep-show machines without a license, because of the existence of a serious question as to the constitutionality of the licensing ordinance. The court, however, expressly declined to reach "the ultimate issue of whether the statute is in fact constitutional." *Id.* 414 has informally renewed its request for a preliminary injunction.

Intervention and injunctive relief are also being sought by eleven corporations who own or operate peep-show machines, one of which also offers a live peep-show, and a corporation which runs a "rap studio" whose employees engage in conversation for pay. All of the proposed intervenors have criminal charges pending against them or their employees. They allege that police harassment brings their cases outside the purview of the *Younger* rule. A hearing was held on the motions to intervene at which time the motions of two of the applicants were denied, because they had cases pending before Judge Tyler of this court. We think that the pending motions to intervene should also be denied, because the proposed intervenors in no way clarify the issues of law already competently presented by the primary party and, in fact, interject into the case complications arising from the possible application of Younger v. Harris. *See* Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc., 51 F.Supp. 972 (D.Mass. 1943).

■ We turn to the renewed application of 414 for preliminary injunctive relief against the enforcement of the ordinance. Initially, we believe that this application is now ripe for determination. The state courts have had ample opportunity to consider the question in related cases and have declined to do so. City of New York v. S & H Book Shop, Inc., *supra.* 414 itself is not involved in any litigation, criminal or civil, involving the ordinance and, accordingly, we are not in a position where a determination by us of the constitutional question would interfere with pending state litigation involving the very parties before us. The merits of the question have been amply briefed on both sides. Since the ordinance is challenged for facial unconstitutionality, we do not deem it necessary to hold an evidentiary hearing. Accordingly, we think plaintiff has been obliged to wait long enough and see no obstacle to a determination of the merits of the constitutional challenge.

The statute in question is Chapter 32, Article 1, Title B of the Administrative Code of the City of New York. Section B32–1.0(a) provides:

"It shall be unlawful for any person to operate any place or premises of public amusement . . . without a license therefor, upon payment of such fees as may be prescribed by the commissioner, and upon such terms and conditions as he deems necessary for proper regulation and good order."

Section B32–4.0 states that "[s]uch licenses, in the discretion of the commissioner, may be subject to provisions and conditions which, in his judgment, may be essential for the welfare and benefit of the people of and visitors to the city . . . ."

Plaintiff contends that the ordinance violates the First Amendment in that it is a prior restraint of expression, that it places unlimited control over such expression in the hands of a public official and that it is vague and overbroad thereby chilling the exercise of First Amendment rights.

■ We note initially our agreement with plaintiff that its activities fall presumptively within the protection of the First Amendment. There is no doubt that "expression by means of motion pictures is included within the free speech and free press guaranty of the First and Fourteenth Amendments." Joseph Burstyn, Inc. v. Wilson, 343 U.S. 495, 502, 72 S.Ct. 777, 781, 96 L.Ed. 1098 (1952). That being so, we see no reason to distinguish between those motion pictures which are exhibited to paying viewers in public auditoriums and those which are shown to paying viewers in machines which are available to the public.

■ Furthermore, we are of the view that 414's failure to apply for a license does not preclude it from seeking relief in this Court, if, in fact, the ordinance is facially unconstitutional and if its activities fall within the purview of the ordinance and, therefore, it is faced with the choice of compliance or running the

risk of criminal penalties. Shuttlesworth v. City of Birmingham, 394 U.S. 147, 151, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969). As to the latter point, defendants do not deny that the City has enforced and intends to continue to enforce the ordinance against peep-show operators like 414.

As to the former point, it is noteworthy that a companion section of the Administrative Code, was recently struck down in an exhaustive opinion by Judge Tyler of this Court. Avon 42nd Street Corp. v. Myerson, 352 F.Supp. 994 (S.D.N.Y.1972). The principles enunciated in that case are equally applicable here and we find that the ordinance before us fares no better under their application than the sections previously struck down.[1]

■ At the heart of the issue of unconstitutionality is the total lack of standards governing the issuance, renewal and revocation of licenses under the ordinance. The only standard which can be gleaned from the language quoted above is promotion of "the welfare and benefit of the people and visitors to the city . . . ." Administrative Code, § B32–4.0. This language is virtually identical to that of the ordinance struck down in Shuttlesworth v. City of Birmingham, *supra*. There, the ordinance provided that "[t]he commission shall grant a written permit . . . unless in its judgment the public welfare, peace, safety, health, decency, good order, morals or convenience require that it be refused." *Id*. 394 U.S. at 149–150, 89 S.Ct. at 938. Commenting on this language, the Court said: "There can be no doubt that the Birmingham ordinance, as it was written, conferred upon the City Commission virtually unbridled and absolute power." *Id*. 394 U.S. at 150, 89 S.Ct. at 938. The same is true here. Such unfettered control over the dissemination of material which is protected by the First Amendment is not constitutionally permissible. *See* Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 83 S.Ct. 631, 9 L.Ed.2d 584 (1962); Staub v. City of Baxley, 355 U.S. 313, 78 S.Ct. 277, 2 L.Ed.2d 302 (1958).

In reaching the conclusion that the ordinance is constitutionally defective, we bear in mind the fact that "[a]ny system of prior restraints of expression comes to this Court bearing a heavy presumption against its constitutional validity." Bantam Books, Inc. v. Sullivan, *supra*, 372 U.S. at 70, 83 S.Ct. at 639. Although much of the material which the state seeks to control, here, may well be obscene and may, therefore, fall outside the protection of the First Amendment, the ordinance cannot stand on that ground because it is in no way limited so as to ensure that constitutionally protected material is outside its scope. As Judge Tyler noted in *Avon 42nd Street Corp.*, discussing the companion ordinance:

"If all of these films are obscene, then there is no particular First Amendment problem since there is no prior restraint of protected expression. But the ordinance as drawn contains no assurance that such will be the case; indeed it would be virtually impossible to so provide." 352 F.Supp. at 999.

Accordingly, since 414 has demonstrated a likelihood of success on the merits and a risk of immediate and irreparable harm (since the defendants are refraining from enforcing the ordi-

[1]. In a companion case challenging the application of Article 1, (the provision attacked here) to motion picture theatres, Judge Weinfeld, in granting a temporary restraining order against the same defendants as in this case, commented: "The licensing provisions for places of public amusement as set forth in Article 1 of Title B of Chapter 32 of the Administrative Code, upon their face, appear to be constitutionally invalid, at least to the same degree as recently found by Judge Tyler of this court with respect to Article 2 which applies to motion picture theatres." (Mature Enterprises, Inc. v. Bess Myerson, 72 Civ. 5499, Dec. 28, 1972).

nance against it only pending the determination of this motion), a preliminary injunction against enforcement of the ordinance is warranted.

Submit order on notice.