*449 OPINION OF THE COURT

Per Curiam.

Judgment of conviction of the defendant Calbud Theatre, Inc., rendered December 16, 1977 (Vale, J.), is reversed and the accusatory instrument is dismissed.
Judgment of conviction of the defendant Gerald Cohen rendered December 16, 1977 (Vale, J.) is reversed and the accusatory instrument is dismissed.
Both defendants were convicted of violating section B32-1.0 of the Administrative Code of the City of New York. That section provides in pertinent part: "a. It shall be unlawful for any person to operate any place or premises of public amusement or sport, indoor or outdoor, or to exhibit any performance of public amusement or sport in any such place or premises, without a license therefor, upon payment of such fees as may be prescribed by the commissioner [of consumer affairs], and upon such terms and conditions as he deems necessary for proper regulation and good order.” Section B324.0 of the Administrative Code, which must be read in conjunction with the above-quoted section, provides: "Such licenses, in the discretion of the commissioner, may be subject to provisions and conditions which, in his judgment, may be essential for the welfare and benefit of the people of and visitors to the city”.
The record reflects that although the corporate defendant possessed a license to present motion picture exhibitions (Administrative Code, § B32-22.0 et seq.) its application to the commissioner for a license to present "live shows” pursuant to section B32-1.0 of the Administrative Code had been denied. The reasons for that denial are not set forth in the record.
The People’s witnesses, two inspectors assigned to the Department of Consumer Affairs, testified that they had inspected the premises of the defendant Calbud’s theatre to determine whether live performances were being given thereon without a proper license. Such was found to be the case and summonses were therefore issued to the defendants. Inspector Goldstein specifically stated that he visited the theatre in question on May 20, 1977 and May 21, 1977, and on both occasions observed that the theatre marquee advertised a "rock show”, and that live musical performances were indeed being presented in the theatre by three guitarists, a drummer and a female vocalist. Defendants argue on appeal that the *450 provisions of section B32-1.0 et seq. of the Adminstrative Code represent an unconstitutional infringement with First Amendment rights. We agree.
There can be little question that the performances at issue fall within the protection of the First Amendment (Zacchini v Scripps-Howard Broadcasting Co., 433 US 562, 578). In licensing a theatre or show, a municipality is generally licensing an activity protected by the First Amendment, and its power is thus more restricted than when it undertakes to license activities not having First Amendment protection (Marks v City of Newport, 344 F Supp 675; 9 McQuillin, Municipal Corporations, § 26.151). Licensing ordinances which afford unfettered authority to municipalities to restrict and otherwise interfere with First Amendment rights do not constitute a legitimate exercise of police power (Staub v City of Baxley, 355 US 313, 322). As was noted in Shuttlesworth v Birmingham (394 US 147, at pp 150-151), "a law subjecting the exercise of First Amendment freedoms to the prior restraint of a license, without narrow, objective, and definite standards to guide the licensing authority, is unconstitutional.”
The Appellate Division, First Department, while not actually finding it appropriate, in the context considered, to pass upon the constitutionality of section B32-1.0 of the Administrative Code has nonetheless observed in regard to that section: "On its face, section B32-1.0 of the New York City Administrative Code appears to vest unbridled discretion in the Commissioner to define and determine the standards for granting a license. There is thus presented a serious question as to the constitutionality of the licensing provision which plaintiffs seek to enforce” (City of New York v S&H Book Shop, 41 AD2d 637). The constitutionality of section B32-1.0 has been considered by other courts and on each occasion the ordinance has been found to be tained by its total lack of standards governing the issuance of licenses by the commissioner (414 Theater Corp. v Murphy, 360 F Supp 34, affd 499 F2d 1155; People v Mitchell, 74 Misc 2d 1053). We perceive no scheme within the Administrative Code which ingrafts upon the challenged sections the requisite standards of enforcement, and the existence of such an overriding scheme has not been suggested. Under these circumstances, the judgments of convictions rendered against the defendants should be reversed and the underlying accusatory instruments dismissed.
The matters are remitted to the trial court for the purpose *451 of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30-day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.
Concur: Tierney, J. P., Riccobono and Asch, JJ.