**EXOTIC WORLD NEWS OF APPLETON, INC., Plaintiff,**

v.

**CITY OF APPLETON, a Municipal Corporation, et al., Defendants.**

Civ. A. No. 79–C–695.

United States District Court, E. D. Wisconsin.

Jan. 25, 1980.

Percy L. Julian, Jr., Madison, Wis., for plaintiff.

David G. Geenen, City Atty. for Appleton, Appleton, Wis., for defendants.

### DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action brought pursuant to 42 U.S.C. § 1983 challenging the defendants'

denial to plaintiff of licenses for the operation of mechanical amusement devices under Chapter 11.11 of the Appleton Municipal Code. Presently pending before the court is plaintiff's motion for a preliminary injunction prohibiting the defendants from further enforcement against it of Chapter 11.11. For the following reasons, the motion will be granted.*

The plaintiff Exotic World News of Appleton, Inc., is a Wisconsin corporation which owns and operates an "adult" bookstore in Appleton, Wisconsin, which bookstore is equipped for the private showing of films on coin-operated equipment. The defendants are the City of Appleton and the mayor, city clerk, city attorney, and members of the Common Council of Appleton. Chapter 11.11 of the Appleton Municipal Code provides:

"11.11 *MECHANICAL AMUSEMENT DEVICES.* (1) DEFINITION. A mechanical amusement device is a machine which upon the insertion of a coin or slug operates a game, contest, or amusement, except music.

"(2) LICENSE REQUIRED. No person shall operate a mechanical amusement device within the City without first obtaining the required licenses therefor from the City Clerk.

"(3) OPERATOR'S LICENSE. No person shall operate, lease or place an amusement device within the City without first obtaining an operator's license therefor which shall be issued by the City Clerk upon payment of $50.00 annually.

"(4) MACHINE LICENSE. In addition to the Operator's license, a license is required for the operation of each me-

---

* The Court is disturbed by an indication in paragraphs 2 and 7 of the affidavit of Ronald J. Soper, filed December 11, 1979, that the issue presently before it may have been considered by the Outagamie County Circuit Court during litigation there between the plaintiff and the defendant City of Appleton, resulting in a permanent injunction by that court against plaintiff's operation of its coin-operated film machines without obtaining licenses from the Appleton Common Council. Since, however, the

defendants have not raised the issues of abstention, collateral estoppel, or res judicata, see 28 U.S.C. § 2283, *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Grandco Corp. v. Rochford*, 536 F.2d 197, 205 (7th Cir. 1976); *McCright v. Olson*, 367 F.Supp. 937, 941 (D.N.D.1973), the Court will proceed to decide the merits of plaintiff's motion without consideration of the possible application of the above-mentioned doctrines.

chanical amusement device for an annual license fee of $15.00 for each such device."

It is undisputed that in May 1979, plaintiff applied for licenses to operate twelve film viewing machines; that on June 5, June 20, and July 9, 1979, respectively, the Appleton Health, Fire and Police Departments recommended approval of the plaintiff's license applications to the City of Appleton Common Council Welfare and Ordinance Committee; that on July 9, 1979, that committee unanimously recommended approval of the applications to the Common Council; and that on July 18, 1979, the Common Council by a vote of 10 to 9 denied plaintiff's applications.

■■■ The plaintiff contends that the ordinance in question is a prior restraint on plaintiff's exercise of its first amendment rights, that the ordinance is unconstitutionally vague on its face and as applied to the plaintiff, and that the defendants' use of the ordinance to deny plaintiff's applications was arbitrary and a denial of due process. The Court agrees.

" * * * Expression through motion pictures is a form of activity protected by the First Amendment. *Joseph Burstyn, Inc. v. Wilson*, 343 U.S. 495, 502, 72 S.Ct. 777, 96 L.Ed. 1098 (1952). The state may subject the exercise of First Amendment freedoms to the prior restraint of a license requirement, but only where it provides 'narrow, objective, and definite standards to guide the licensing authority.' *Shuttlesworth v. Birmingham*, 394 U.S. 147, 151, 89 S.Ct. 935, 938, 22 L.Ed.2d 162 (1969). Section 101–5 [of the Municipal Code of Chicago], in providing that the mayor *may* issue a license upon a *satisfactory* showing that the applicant is a *fit and proper* person, fails to provide the required standards. We agree with the district court's conclusion that 'as written with regard to movie theatres, this section of the ordinance gives the mayor such broad discretion to deny a license application that it acts as an unconstitutional prior restraint upon the enjoyment and exercise of First Amend-

ment freedoms.' * * * " *Grandco Corporation v. Rochford*, 536 F.2d 197, 207 (7th Cir. 1976).

The protection of the first amendment extends not only to movies shown in public theatres, but also to movies shown in coin-operated machines accessible to the public. *414 Theatre Corp. v. Murphy*, 360 F.Supp. 34 (S.D.N.Y.1973), aff'd 499 F.2d 1155 (2d Cir. 1974); *McCright v. Olson*, 367 F.Supp. 937 (D.N.D.1973). The ordinance at issue in this case contains no standards whatsoever governing the issuance of licenses, and thus it gives to the Appleton Common Council " 'such broad discretion to deny a license application that it acts as an unconstitutional prior restraint upon the enjoyment and exercise of First Amendment freedoms.' " *Grandco Corporation v. Rochford*, supra, at 207. See also *414 Theatre Corp. v. Murphy*, supra.

■■■ It is pointed out in the affidavit filed December 11, 1979, of Ronald J. Soper, an Appleton police sergeant, that plaintiff in the past has taped over the coin slots on its film machines and used a cashier control system to avoid the licensing requirement without interference from any of the defendants. Defendants argue in their brief that plaintiff could continue to show its films in that manner without interference, and therefore that it will suffer no irreparable injury if a preliminary injunction is denied. In *Southeastern Promotions, Ltd. v. Conrad*, 420 U.S. 546, 556, 95 S.Ct. 1239, 1245, 43 L.Ed.2d 448 (1975), the Supreme Court found that respondents' denial to appellant of an application to use a city-owned theatre for a performance of the musical "Hair" was an impermissible prior restraint of plaintiff's first amendment rights despite the possible availability of private theatres:

" * * * Even if a privately owned forum had been available, that fact alone would not justify an otherwise impermissible prior restraint. '[O]ne is not to have the exercise of his liberty of expression in appropriate places abridged on the plea that it may be exercised in some other place.' *Schneider v. State*, 308 U.S. [147], at 163, 60 S.Ct. [146], at 151, 84 L.Ed. 155."

Similarly in this case, the Court is of the opinion that plaintiff should not have the exercise of its first amendment liberty in an appropriate manner abridged on defendants' plea that it may be exercised in some other manner.

IT IS THEREFORE ORDERED that plaintiff's motion for a preliminary injunction is granted and defendants are henceforth enjoined pending further order of this court from enforcing Chapter 11.11 of the Appleton Municipal Code against the plaintiff.

IT IS FURTHER ORDERED that unless the court receives within sixty days from the filing date of this order a request in writing from the plaintiff or the defendants for a trial of the plaintiff's claims along with a statement of contested facts, the preliminary injunction issued today will become permanent and judgment will be entered in favor of the plaintiff against the defendants without further notice from the court.