OPINION OF THE COURT
Joseph D. Mintz, J.
This is an action by Capri Art Theatre brought by its owner and operator fictitiously named “John Doe” for a judgment declaring section 31 of chapter 7 and chapter 70 (§ 16, subd 17) of the ordinances of the City of Buffalo unconstitutional as a violation of the rights of the plaintiff under the First, Fifth and Fourteenth Amendments of the United States Constitution; and for a preliminary injunction prohibiting enforcement thereof pending a final determination.
A preliminary injunction will issue upon a showing of a likelihood of success on the merits, irreparable injury *710 and an inadequate remedy at law. (Siegel, New York Practice, § 328.)
The relevant facts are as follows: Plaintiff is a motion picture theatre located within the City of Buffalo. The theatre exhibits films on a regular basis depicting sexually frank material. Section 31 of chapter 7 of the Buffalo ordinances provides that no movie theatre shall operate until a certificate of registration specifying the following information is filed with the director of licenses:
(a) The name and business address of the current owner of the building in which the theatre operates.
(b) The name and business address of the current owner of the business; if a corporation, owner being the principal stockholder.
(c) Names of all officers of the business operating the theatre.
Said ordinance took effect on or about July 1, 1978 and includes a provision requiring immediate revocation of all other licenses issued for such businesses upon failure to obtain or renew a certificate of registration.
In July, 1980 members of the Buffalo Police Department inquired as to whether the Capri Art Theatre was a duly licensed motion picture theatre and provided plaintiff’s employees with a form entitled “Application for Theatre Registration” pursuant to section 31 of chapter 7. Said employees were instructed to fill out the form and that failure to complete and file same could result in a “shutdown” of the movie theatre. Plaintiff partially completed the form as to building owner and thereafter invoked its rights under the First, Fifth and Fourteenth Amendments with respect to other information requested on the form. The director of licenses rejected plaintiff’s form for failure to disclose proper information and requested plaintiff complete a revised form. The information requested in both the original and revised forms is more inclusive than the statute on which it is based. Thereafter, plaintiff commenced the instant action.
Plaintiff’s primary claim against section 31 is that under the Fifth Amendment to require the disclosure of the names *711 of Capri Art Theatre’s owner or principal stockholder, if a corporation, as well as the manager, would be to compel “John Doe” to be a witness against himself in subsequent criminal prosecutions under article 235 of the Penal Law.
The precise issue was raised in Magna Exhibitions Corp. v John Doe (US Dist Ct, WDNY, July 15, 1980, Elfvin, J.). There the court found the disclosure of names and addresses pursuant to section 31 of chapter 7 did not involve a substantial risk of self incrimination to invoke the privilege against disclosure. Moreover, it seems the court based its determination on the finding that plaintiff “has entirely failed to show that disclosure of his name would directly or indirectly subject him to a sufficient risk of criminal liability to be prohibited under the Fifth Amendment”; (Magna v John Doe, supra, at p 5 of Elfvin decision.) The instant matter is readily distinguishable. Here, plaintiff has made an abundant showing that disclosure of the names sought by the registration form authorized by section 31 will be utilized to facilitate criminal prosecution against said individuals relevant to the obscenity statutes. Indeed, plaintiff’s submissions contain documentation showing prior use of information contained in the registration form for the purpose of establishing criminal liability for violations of article 235 of the Penal Law. The registration information was introduced into evidence in a criminal prosecution to identify the defendant as an owner/operator and thereby attempt to establish an element of the crime charged. In view of the entire record, plaintiff has shown that to compel the disclosures contained within the registration form authorized by section 31 of chapter 7 will confront those individuals with a substantial hazard of self incrimination. (California v Byers, 402 US 424.) Therefore, the disclosure requirements contained within the “Application for Theatre Registration” form as authorized by section 31 of chapter 7 are violative of the Fifth Amendment.
In addition, plaintiff claims primarily that chapter 70 (§16, subd 17) of the city ordinances violates the First Amendment. Said section provides for the locational requirements of adult uses and specifically section 16 (subd 17, par [e]) provides that no person, firm or corporation *712 shall continue or engage in the business of operating an adult motion picture theatre without an adult use permit issued by the director of licenses after written application and further that “said application shall give the name and address of said applicant, the location of the premises whereon the said adult use is or is to be operated, and such other information as the director of licenses and permits shall require.” It is clear that expression by means of motion pictures is included within the free speech and free press guarantee of the First Amendment. (Avon 42nd St. Corp. v Myerson, 352 F Supp 994, citing Joseph Burstyn, Inc. v Wilson, 343 US 495.) It follows, therefore, that a State or municipality ordinance which subjects the exercise of First Amendment freedoms to the prior restraint of a use permit without narrow, objective and definite standards by which the licensing authority is to exercise his/her power is unconstitutional. (Avon 42nd St. Corp. v Myerson, supra; People v Calbud Theatre, 101 Misc 2d 448, citing Shuttlesworth v Birmingham, 394 US 147.) Indeed, licensing ordinances which afford unfettered authority to municipalities to restrict and otherwise interfere with First Amendment rights do not constitute a legitimate exercise of police power. (People v Calbud Theatre, supra, citing Staub v City of Baxley, 355 US 313.) It can readily be seen that that portion of paragraph (e) which states that the permit application shall contain whatever other information as the director of licenses and permits shall require provides no ascertainable standards by which the director is to exercise his/her power to issue a permit. In fact, the issuance of a permit is contingent upon receipt of an application, the content of which is left to the unfettered discretion of the licensing authority. Essentially, as this subsection is drawn, the defendant is empowered to refuse to issue a permit on the basis of a lack of “required information”, or on no basis at all. This unbridled authority directly threatens the exercise of expression guaranteed by the First Amendment. Defendant argues that the challenged phrase is coupled with other specific informational requirements concerning the applicant such that the power of the licensing authority is necessarily limited, in view of general rules of statutory construction, sufficient to save *713 the ordinance from constitutional infirmity. This court finds such contention unpersuasive.
Unconstitutional infringement of First Amendment freedoms constitutes irreparable injury sufficient to warrant issuance of an injunction. (99 State St. Bookstore v Hastings, US Dist Ct, WDNY, March 24, 1980.)
Moreover, there exists no adequate remedy at law in that an award of money damages would not determine the constitutional issues raised.
Therefore, the application of section 31 of chapter 7 to plaintiff herein results in an unconstitutional violation of the Fifth Amendment. It is important to note that this court is mindful that the city has a substantial interest in obtaining the names and addresses of the principals of a corporation operating a motion picture theatre relating to public health, safety and welfare. Indeed, the city interest in attempting to preserve the quality of urban life is one that must be accorded high respect. This court is sympathetic to well-intentioned efforts of Buffalo to “clean up” its streets and prevent the proliferation of “skid-rows” but it is in those instances where protected speech grates most unpleasantly against the sensibilities that judicial vigilance must be at its height. (Young v American Mini Theatres, 427 US 50, 84 [Stewart, J., dissenting opn].) Furthermore, it is important to never forget that the consequences of rigorously enforcing the guarantees of the First Amendment are frequently unpleasant. Much speech that seems to be of little or no value will enter the marketplace of ideas, threatening the quality of our social discourse and, more generally, the serenity of our lives. But that is the price to be paid for constitutional freedom. (Young v American Mini Theatres, supra, p 88 [Blackmun, J., dissenting opn].)
Therefore, the disclosures mandated by section 31 of chapter 7 are permitted by the Constitution and may be used to further the legitimate municipal interests involved including the enforcement of fire and building codes and the forwarding of notices of violations and service of process, etc. However, the information disclosed may not be utilized either directly or" indirectly in any criminal prose *714 cution for the purpose of identifying a prospective defendant or for any other prosecutorial purpose. In this way the preferred constitutional freedoms of the plaintiff, are protected.
Moreover, the locational requirements provided in chapter 70 (§ 16, subd 17) are constitutionally permissible. (Young v American Mini Theatres, supra.) However, that portion of section 16 (subd 17, par [e]) of the ordinance commencing with the word, “and such other information” is unconstitutional on its face and void. This court grants the issuance of an injunction restraining its enforcement. The remainder of section 16 (subd 17, par [e]) can be constitutionally construed, by way of the redaction.
In addition, plaintiff claims the challenged ordinances and respective registration permits constitute a violation of its right to privacy and freedom of association as well as being violative of the Fourteenth Amendment, equal protection clause. With respect to the former, in view of the court’s determination herein, it is unnecessary to reach that issue. With respect to the latter, this court is persuaded by the reasoning in Young v American Mini Theatres (427 US 50, supra), wherein a similar claim was presented and the court found no such violation.